Charles J. Beckinella, J.
This is an application by the attorneys for the plaintiffs to have their compensation fixed in the infant’s case at 50% of the recovery. They claim that they performed such unusual and outstanding services that such a percentage is justified. With their characteristic industry they have submitted a 63-page affidavit setting forth in detail the items of services they rendered and the time and effort they expended, as well as citations to the effect that where the services are unusual the court may fix the compensation above the *925 schedule set forth in rule IY (subd. [5], par. [d]) of the Special Rules Regulating the Conduct of Attorneys of the Appellate Division, First and Second Departments.
However, no case is cited wherein such increase was granted in a negligence case where the recovery came anywhere close to the recovery in this case, namely $150,000. It is obvious that the relief permitted under paragraph (d) encompasses situations where the recovery is so small that neither the scheduled percentages listed in Schedule A nor the one third allowed under Schedule B, because of extraordinary circumstances, would equitably compensate an attorney. Moreover, this being an infant’s case, it does not come under paragraph (d) of subdivision (5) of the rule at all, but under paragraph (f) of subdivision (5). This subdivision states: “Nothing contained in subdivision (5) of this rule shall be deemed applicable to the fixing of compensation for attorneys representing infants or other persons, where the statutes or rules provide for the fixation of such compensation by the court.”
The statute providing for the fixation of compensation for an infant is section 474 of the Judiciary Law. Here again the attorneys have cited no cases involving an infant where the compensation was fixed at greater than one third, much less a case where the recovery was as large as in this case. It must be remembered that in addition to the infant’s recovery the infant’s father received an award of $17,500 for his loss of services; presumably the attorneys will be paid one third of this sum also.
The infant sustained devasting injuries which reduced him to a vegetable state. The high jury verdict reflected these injuries. Whatever fund remains after paying the lawyers and the expenses incidental to the trial must take care of his needs for the rest of his life. Under these circumstances the attorneys’ fees are hereby fixed at one third of the $150,000 awarded to the infant, making the sum of $50,000, and only because in the court’s opinion they rendered extraordinary and unusual services, plus $6,013.20 out-of-pocket expenses.
Submit an order in accordance with this decision, which order shall indicate the total amount of money to be collected on the infant’s behalf and making provision for the court to designate the various banks wherein such net sum coming to the infant shall be deposited.