Clare J. Hoyt, J.
These actions arise from the crash of an American Airlines plane in Jamaica Bay, New York on March 1, 1962, in which decedents Joseph M. Sarley and his wife Beverly J. Sarley were killed. They were survived by four infant children.
*695 Decedents resided in Westchester County. Letters testamentary were issued by the Surrogate of that county to Mary Ann Mahler, the sister of Mr. Sarley, who is the plaintiff in these actions. Mrs. Mahler has also been appointed guardian of the person and property of each infant by the Broome County Surrogate and she is presently acting as such.
These actions, along with 13 others, were consolidated for joint trial in New York County Supreme Court on the issue of liability. Several actions were settled. Five remained for trial with the actions at bar. The suits against the codefendants were dismissed and the jury found for plaintiffs against defendant American Airlines, Inc. Thereafter and in October of 1965 the issue of damages in these actions was tried in this court, resulting in verdicts of $215,129.47 in the case of Joseph M. Sarley and $107,-564.73 in the case of Beverly J. Sarley. Judgments were entered on October 14, 1965 for $262,366.63, including interest of $46,-790.66 and costs of $446.50 in the Joseph M. Sarley case and for $131,406.56, including interest of $23,395.33 and costs of $446.50 in the Beverly J. Sarley case.
The executrix has invoked the concurrent jurisdiction of this court under section 133 of the Decedent Estate Law for the approval of the settlement of these actions, for the fixing of attorneys’ fees, for the allowance of the disbursements to the attorneys, and for the allocation of the recoveries to the four children after the payment of fees and expenses.
Although judgments have been entered in the amounts indicated, the executrix seeks approval of settlements in the amounts of the judgments which the defendant American Airlines, Inc. has agreed to pay upon the execution and delivery of releases by the executrix and a stipulation vacating and setting aside the judgments and discontinuing the actions on the merits. In effect, both sides arc waiving an appeal from the judgments and are agreeing to settle and compromise the actions for the amounts of the judgments. A compromise on this basis is justified. It is highly improbable that the verdicts if reviewed as to amounts would be disturbed. The court can express no opinion as to the merits of an appeal from the finding of liability. A settlement precluding a reversal of such finding is certainly in the best interests of the children for whose benefit these actions were brought.
The executrix is thus authorized and empowered to execute and deliver releases to defendant American Airlines, Inc. upon payment to her as executrix of the amount of the judgments entered in both actions, subject to the payment of the compensation liens hereafter mentioned, and her attorneys are authorized and directed to execute and deliver stipulations vacating and *696 setting aside the judgments and discontinuing the actions on the merits.
Before attention can be directed to the allocation of the net amounts distributable to the beneficiaries, a determination must be made as to the compensation to be allowed the attorneys for their services and the payment of their disbursements. The executrix has specifically waived any claims to commissions on these recoveries.
The attorneys of record were retained by the executrix shortly after the accident. She entered into a retainer agreement with them, whereby the attorneys were to receive, subject to the approval of the court, one third of the net recoveries after the deduction of taxable costs and disbursements and expenses for expert testimony, investigation or other services properly chargeable to the actions. The agreement further provided that any fees payable to associate counsel who might be engaged by the retained attorneys, would be paid out of the retained attorneys’ fees and would not be in addition thereto. The executrix in her petition and the attorneys of record in an affidavit annexed thereto seek payment to the attorneys of $4,722.65, the expenses incurred by the attorneys of record and the associate counsel. These items appear to be proper charges and payment of the same is allowed. The attorneys of record seek an allowance of $88,880.93 from the proceeds of the Joseph M. Barley action and $45,227.57 from the proceeds of the Beverly J. Barley action, a total of $134,108.50. These figures are arrived at by deducting from the judgment in each action the taxable costs and disablements and one half of the expenses to arrive at the amount of the recovery subject to the fee, taking one third thereof as the fee and adding thereto in each case one half of the expenses incurred.
The agreement between the executrix and the attorneys of record to pay fees of one third is subject to review to determine its reasonableness in the light of services rendered (Matter of Meng, 227 N. Y. 268; Matter of Schneider, 116 N. Y. S. 2d 30). Where the representative shares in the award, his share is subject to the fee upon which he has agreed, but other beneficiaries are not bound by the agreement. .The fee as to their share is subject to the court’s determination of reasonableness (Matter of Peterson, 257 App. Div. 449; Matter of Williams, 116 N. Y. S. 2d 82).
Here all the beneficiaries are infants. They are not bound by the agreement, by virtue of the power of the court under section 133 of the Decedent Estate Law to fix the reasonableness of the fee and by virtue of section 474 of the Judiciary Law which pro *697 vides that the court must determine and fix attorney’s fees in actions brought on behalf of infants. Part III of the Rules of the Appellate Division, Second Department, 1‘ Regulating the Conduct of Attorneys and Counselors at Law ”, provides in rule IV thereof for schedules of contingent fees that will be deemed reasonable in personal injury and wrongful death actions. Paragraph (f) of subdivision (5) of said rule IV provides, however, that the schedules are not deemed applicable for the fixing of compensation for attorneys representing infants where statutes or rules provide for the fixation of such compensation by the court.
Thus the court must determine the reasonable value of the services rendered irrespective of the retainer agreement. Petitioner and her attorneys seek compensation on a contingent fee basis of one third of $388,157.57, being the total judgments less the taxable costs and disbursements and the attorneys’ expenses.
It is the opinion of this court that a fee on this agreed percentage would be disproportionate to the services rendered where it is applied to such a substantial recovery. Petitioner and her attorneys seek to apply this agreed percentage to two separate verdicts, each substantial in amount. The verdicts result from companion actions involving the death of both parents and the services rendered in the two actions would not have been proportionately reduced had but a single action been brought for the death of one parent.
The retained attorneys engaged associates as trial counsel and much of the pretrial proceedings were conducted by the trial counsel, who represented many other plaintiffs in suits arising from this accident. The liability trial was conducted by trial counsel in a joint trial in which they represented plaintiffs in several companion actions. The damages trial of the actions at bar was also conducted by trial counsel. A total of eight days Avas devoted to both the liability and damages trials.
The retained counsel have agreed to pay trial counsel a percentage of the recovery from their fee. The terms of this arrangement are of no concern to the court. The retained counsel undertook the prosecution of these actions and they were at liberty to engage trial counsel on such terms as they saw fit; nor is the court concerned with the division between retained counsel and trial counsel of the services rendered. In determining the propriety of the fee, the court looks at all of the services rendered on behalf of the infants.
The special guardian herein has objected to the fee sought and has recommended that the attorneys be paid 25% of the net recoveries plus the taxable costs and disbursements, together *698 with reimbursement for their expenses, a figure that totals $97,932.40.
The court in reviewing the services rendered the infants and fixing the amount based upon the facts and circumstances before it allows the attorneys a fee of $110,000 in addition to reimbursement for their expenses of $4,722.65. The court has exercised its discretion in an attempt to arrive at a fair and just compensation for the services rendered, considering that the services have been rendered wholly for the infant children. In view of all the circumstances here prevailing, a fee based upon the fixed and predetermined percentage appears unreasonable. “ Contingent fees may be disallowed as between attorney and client in spite of contingent fee retainer agreements, where the amount becomes large enough to be out of all proportion to the value of the professional services rendered ” (Gair v. Peck, 6 N Y 2d 97, 106).
The remaining question is the allocation of the net proceeds of the actions among the four children. The fees and allowances heretofore determined, together with the allowance to the special guardian, which is hereby fixed at $500, must be allocated to each action.
The fee allowed in the Joseph M. Sarley action is $75,000. There is also charged to this action $350 of the special guardian’s allowance and $2,361.33, one half of the expenses allowed counsel. From the settlement of $262,366.63 there thus remains $184,655.30 for distribution among the children.
The fee allowed in the Beverly J. Sarley action is $35,000. There is also charged to this action $150 of the special guardian’s allowance and $2,361.32, one half of the expenses allowed counsel. From the settlement of $131,406.56 there thus remains $93,895.24 for distribution among the children.
The four children are Gregory Michael, born May 26, 1946, Deborah Ann, born July 23,1950, Rebecca, born August 28,1952 and Joel, born March 6, 1956. Mr. Sarley at the time of his death was 45 years of age and had an expectancy of 26% years and Mrs. Sarley was 40 years of age and had a life expectancy of 35 years. Mr. Sarley was an executive employed by International Business Machines Corporation making $26,000 per year with every anticipation of further advancements and salary increases. The devotion of the parents to their children and their desire to provide them with all advantages permit the court to infer that the children would have been given every opportunity for higher education. The testimony of the executrix with whom the children have been living since the death of their parents shows that all of the children will in all probability avail themselves of all educational opportunities afforded them. *699 The children are all healthy and well adjusted and thus no special allowance need be made for any of them by reason of any special care or unusual service that may have to be rendered for them.
The executrix and special guardian agree that in the Joseph M. Sarley estate a portion of the settlement must be allocated to represent the loss of inheritance suffered by the children by reason of their father’s untimely death. This is a proper consideration since the court charged the jury that in arriving at the pecuniary damages they should consider a loss of inheritance. This item should be shared equally by the children. The executrix suggests the division of $43,371.42 which she arrives at by taking 25% of the net recovery arrived at by her suggested allowance for attorneys ’ fees. The special guardian recommends that $65,000 be considered the loss of inheritance.
To arrive at a proper figure we must consider how much Mr. Sarley’s estate would have been augmented by his future employment with anticipated salary increases and retirement benefits. We may assume that his estate did gain some benefits from either insurance or company benefits by reason of his untimely death. The sum of $50,000 for loss of inheritance is considered reasonable and this amount will be divided evenly among the children.
The remainder of the proceeds of the Joseph M. Sarley action must be divided among the children in proportion to their pecuniary loss. The petitioner has proposed an allocation that would give each child equal payments from the date of their father’s death to age 26, with no allowance for discounting the payments from the date of death to October 1, 1965 (the trial date), but with a discount at anticipated annual income of 4% from that period until each child arrives at age 26. This proposal is predicated upon the assumption that the children would have taken postgraduate work and enjoyed other pecuniary benefits from their father until they reached age 26. From the record which establishes the parents’ desire to give every advantage to the children and the ability of the children to make use of such advantages, this allocation seems proper. The present value factors for each child based upon anticipated income at 4% to produce payments annually to each child until age 26, including without discount the pecuniary loss for the period March 1, 1962 to October 1, 1965 are: Gregory 8.666.24 (18.78%); Deborah 11.187.42 (24.25%); Rebecca 12.301.93 (26.67%) and Joel 13.983.27 (30.3%).
So far as Mrs. Sarley’s estate is concerned, although recommended by the executrix, a like allocation is not deemed proper. *700 The award in the mother’s estate was pecuniary loss or monetary value of her care and services as a mother and as a homemaker for all the guidance, counsel, care and services which she would have rendered her children. There is not the basis to project this to age 26 as in the case of the material benefits expected from the father. Nor does there seem to be any reason to compute the present values of these future services as in the father’s estate. Thus a formula, based simply on the remaining minority of the children, as provided for in Matter of Kaiser (198 Misc. 582) is adopted by the court, which results in percentages of 12.75% for Gregory, 22.87% for Deborah, 27.94% for Eebecca, and 36.44% for Joel. This allocation may appear to favor heavily the younger children but it certainly was they who suffered by far the greater deprivation in the untimely loss of their mother.
The lien of the compensation carrier in the amount of $2,455 for each of the four children must be satisfied from the settlement herein directed in the estate of Joseph M. Sarley.
Upon the settlements as herein directed defendant American Airlines, Inc. will pay in the Joseph M. Sarley action $9,820 to Liberty Mutual Insurance Company in satisfaction of the workmen’s compensation lien and the balance of $252,546.63 to Mary Ann Mahler as executrix which she shall distribute and pay over as follows:
To Chernin & Gold, Esqs., attorneys for their services and expenses... $77,361.33
To William L. Browning, Esq., special guardian.................... $350.00
To Mary Ann Mahler, guardian of Gregory Sarley for:
Loss of inheritance................................ $12,500.00
Prorata share (18.78%)............................ 25,288.27
$37,788.27
Less compensation lien.......................... 2,455.00
-: $35,333.27
To Mary Ann Mahler, guardian of Deborah Sarley for:
Loss of inheritance................................ $12,500.00
Prorata share (24.25%)............................ 32,653.91
$45,153.91
Less compensation lien.......................... 2,455.00
- $42,698.19
To Mary Ann Mahler, guardian of Rebecca Sarley for:
Loss of inheritance................................ $12,500.00
Prorata share (26.67%)............................ 35,912.57
$45,957.57
Less compensation lien.......................... 2,455.00
-= $45.957.57
*701 To Mary Ann Mahler, guardian of Joel Sarley for:
Loss of inheritance................................ $12,500.00
Prorata share (30.3%)............................. 40,800.55
$53,300.55
Less compensation lien.......................... 2,455.00
- $50,845.55
In the settlement of the Beverly J. Sarley action defendant American Airlines, Inc. will pay to Mary Ann Mahler, executrix the sum of $131,406.56 which she shall pay and distribute as follows:
To Chemin & Gold, Esqs., attorneys for their services and expenses... $37,361.32
To William L. Browning, Esq., special guardian.................... $150.00
To Mary Ann Mahler, guardian of Gregory Sarley (12.75%)......... $11,971.64
To Mary Ann Mahler, guardian of Deborah Sarley (22.87%)......... $21,473.84
To Mary Ann Mahler, guardian of Reoecca Sarley (27.94%)......... $26,234.33
To Mary Ann Mahler, guardian of Joel Sarley (36.44%)............. $34,215.43
The payments to be made by Mary Ann Mahler as executrix to herself as guardian shall be made only upon and after her securing and filing undertakings approved by the Broome County Surrogate to cover the sums herein directed to be paid to her as guardian, proof of which shall be furnished upon the submission of the order hereon.