DONALD J. WERNER et al., Plaintiffs, v. FLORENCE LEVINE et al., Defendants.

ALLAN SUNDRIES CORP., Third-Party Plaintiff, v. BRUCE OLDS-MOBILE, INC., Third-Party Defendant. (Action No. 1.)

HEMPSTEAD BUS CORPORATION, Plaintiff, v. ALLAN SUNDRIES CORP. et al., Defendants.

ALLAN SUNDRIES CORP., Third-Party Plaintiff, v. BRUCE OLDS-MOBILE, INC., Third-Party Defendant. (Action No. 2.)

HOWARD LEVINE, an Infant, by His Guardian ad Litem, FLORENCE LEVINE, et al, Plaintiffs, v. BRUCE OLDSMOBILE, INC., et al., Defendants. (Action No. 3.)

Supreme Court, Trial Term, Nassau County, January 10, 1967.

654

*Donald Joseph Werner*, plaintiff in person. *Eisenberg & Rockower* and *Fields, Zimmerman & Segall* for Arlien A. Werner and others, plaintiffs.

BERNARD S. MEYER, J. This lawsuit when it was called for trial was settled. The action on behalf of the infant Lynne was settled for $47,000, that on behalf of the infant Laura for $5,000, and those on behalf of their mother and father for $3,000 and $5,000 respectively. On presentation of the compromise order the father, who is also guardian ad litem, interposed objections to the attorneys' fees and disbursements sought in the compromise papers and also to the fees to be paid with respect to the actions on behalf of the parents. Before the court are two infants' compromises, including the fixation of fees pursuant to section 474 of the Judiciary Law. No application under section 475 of the Judiciary Law for summary determination of the attorneys' lien on the parents' causes of action has been made, and in any event it is evident from the papers that a fact question exists concerning what the original agreement was and whether it was modified, which will require hearing. The court, therefore, makes no determination with respect to the fees in the parents' actions, leaving that question to be determined either in a plenary action or by application made at Special Term, Part I, pursuant to section 475.

It is suggested that the guardian agreed to a fee of one third at the settlement discussions, but, of course, in the last analysis the amount of the fee must be fixed by the court and any agree-

ment of the guardian is advisory only. The criterion, under section 474 of the Judiciary Law is " suitable compensation for the attorney for his services * * * in behalf of the said infant ". Under canons 12 and 13 of the Canons of Professional Ethics factors to be considered in determining what is suitable compensation include the time and labor required, the novelty or difficulty of the questions involved and the skill requisite to conduct the cause, the amount involved and the benefits resulting to the client, and the contingency or certainty of the compensation. In a case involving an infant yet another factor comes into play. While the Appellate Division rule governing contingent fees expressly excepts infants' cases and thus a greater than one-third fee is allowable in an infant's case, there is an unwritten rule that compensation in infants' cases never exceeds one third. In the present case, the nature of the occurrence and the insurance coverage available made it a moral certainty that there would be a recovery and no novel questions were involved. The guardian argues that proper skill was not exercised because the third-party defendant was not a defendant in the original action on behalf of his wards, but the fact is that the third-party defendant is contributing to the settlement and that on the medical evidence presented the settlements are the top dollar for the infants' claims. The ability of trial counsel in preparation and negotiation has produced that result and is not to be overlooked in fixing the fee. On the other hand, the one-third rule of thumb is not to be applied indiscriminately regardless of the amount involved. While it is proper with respect to a $7,000 recovery (*Liss* v. *McCrory Stores Corp.*, 7 A D 2d 738) it is excessive with respect to a $262,000 recovery (*Mahler* v. *American Airlines,* 49 Misc 2d 693). Always to be borne in mind is that the fee be in proportion to the value of the services rendered (*Gair* v. *Peck,* 6 N Y 2d 97, 106). Bearing in mind (1) that this case involved little if any risk, (2) that though it was prepared for trial there was in fact no trial, (3) the ability of counsel in carrying out the negotiations, and (4) the result achieved, the court fixes the fee in Lynne's case at $13,500 and in Laura's case at $1,500 (roughly 29% in each case).

With respect to disbursements, the guardian argues that the fee must be inclusive of disbursements. While it is true that the practice has grown up of fixing the fee in an infant's case inclusive of disbursements, this is not the invariable rule (*Borgia* v. *City of New York,* 42 Misc 2d 924, affd. 20 A D 2d 851). Canon 42 of the Canons of Professional Ethics provides that " A lawyer may not properly agree with a client that the lawyer shall pay or bear the expense of litigation " and section 274 of the

Penal Law makes an agreement to bear expenses champertous (*Matter of Gilman*, 251 N. Y. 265). In view of those provisions, and of the fact that in a case involving heavy expenses the contrary rule can be very unfair to the attorney, the court deems it the better practice to allow disbursements as a separate item. The guardian admits that $220 was advanced by the attorneys to pay medical expenses for Lynne and $35 for Laura, and those sums are allowed. Of the other disbursements totalling $505.30 claimed, the payments to Doctors Reder, Green and Yourish for reports and to Meadowbrook for abstracts, totalling $44 are understood to have been for both Lynne and Laura and each is charged with one half or $22. The payments to Dr. Nicklin, Dr. Levine and Meadowbrook totalling $65.80 concerned Lynne and are allowed out of her recovery. The charges for photostats and investigation are not supported by bills or explanation and will not be now allowed but counsel may, if so advised, submit a supplemental affidavit supporting these charges. The other expenses totalling $155.75 related to all four actions and, therefore, one fourth or $38.94 will be charged against each infant's recovery.

The guardian asks that medical expenses advanced by him on behalf of Lynne totalling $521.50 and on behalf of Laura totalling $184.50 be reimbursed to him, but his affidavit does not contain the statement required by CPLR 1208 (subd. [a], par. 9) concerning reimbursement from any other source. Upon presentation of his supplemental affidavit, the requested reimbursement will be allowed.