George A. Reed, J.
This is a proceeding pursuant to CPLR 1207 to settle an infant’s action for personal injuries and for an award of attorney’s fees. Some of the facts were asserted at oral argument but are not controverted. The infant, then four years old, was a passenger in an automobile operated by her mother and owned by her stepfather. The mother made a left turn at an intersection on a four-lane, divided highway, and was struck by an oncoming vehicle operated by the defendant Leverty. Sight distance at the intersection is adequate but the mother testified, at an examination before trial, that she did not see the other vehicle before the collision. The other driver testified at the examination before trial that he saw the Smeltzer vehicle turning but was unable to stop. As a result of the accident, the infant sustained severe personal injuries including posttraumatic cerebral palsy. Medical bills were $8,543.74. The proposed settlement is $40,000, $25,000 being the Smeltzer policy limits and $15,000 coming from Leverty’s carrier. It is conceded that neither the mother nor stepfather has resources beyond the insurance policy with which to respond in damages. With respect to the defendant Leverty, it is argued, and the court finds that the $15,000 contribution to the settlement is reasonable for the reason that it appears that there exists a serious question of legal liability. Petitioner submitted only a retainer agreement in support of the request for award of attorneys’ fees. Such proof, in the case of an infant settlement, is insufficient to sustain an award and the court directed that further proof of the services actually performed be submitted as is required by section 474 of the *643 Judiciary Law. From the supplemental affidavit filed, it appears that the action was started, pretrial motions and an examination before trial was conducted and petitioner’s [plaintiffs] attorneys performed extensive work determining legal liability of the parties and the nature and extent of the personal injuries sustained by the infant. The case has been settled before it reached the trial calendar stage.
The contingent fee rates contained in the retainer agreement are 3316% of the recovery in case of settlement before suit or at any time before the action attained a held case status on a court calendar, 35% thereafter and 45% in case of an appeal or a new trial. These rates are the same contained in a schedule of customary fees published by the Erie County Bar Association. A similar schedule of the Ontario County Bar Association, the county of venue, provides for contingent fees of 25% of the recovery in case of settlement, 3316% when prepared for trial or when the case is tried and 40% in case of appeal. In May, 1976 the Appellate Division, Fourth Department, amended rule 1022.30 relating to contingent fee agreements to provide, in part, that a contingent fee agreement providing for a percentage not exceeding 3316% of the sum recovered "is deemed to be fair and reasonable.” (22 NYCRR 1022.30.) This appears to be the same rule adopted in the Third Department which was the subject of a suit in Gair v Peck (6 NY2d 97, app dsmd and cert den 361 US 374) holding that the courts have the power to regulate attorneys’ fees under contingent agreements. Subdivision 5 of the new rule specifically exempts from its application infant settlement cases.
These cases continue to be governed by section 474 of the Judiciary Law which requires that the court determine the suitable compensation for the attorney for his services. The agreement between the guardian ad litem with the attorney is advisory only. (Werner v Levine, 52 Misc 2d 653.) The court may fix a lesser fee even if the guardian ad litem has agreed to a higher contingent fee. (Martin v Koch & Co., 246 NY 549.) Accordingly, I find that the provision of rule 1022.30 (22 NYCRR 1022.30) is instructive and helpful in determining awards in infant settlements, but that it does not extend blanket approval to every contingent fee agreement of 3316% or less in an infant’s case and that the court is required to decide each such case on its own circumstances.
In the present case, the infant was a passenger. The legal *644 liability of her mother and stepfather appears to be clear and lacking in novelty or difficulty. The injuries, their permanency, the length of hospital confinement and the amount of the medical expenses made it probable that the amount of recovery would be high. Bearing in mind the criteria stated by Judge Meyer in Werner v Levine (supra), with respect to the settlement of the action against the Schmelzers, the court fixes the fee at 25%. As to the action against Leverty, however, there was substantial risk that there would be no recovery and the skill of counsel in conducting those settlement negotiations and in assembling the medical proof of damages which undoubtedly led to their successful culmination is apparent. As to Leverty, the court fixes the fee at 3316% of the amount recovered. The aggregate of fee so fixed is $11,250 in addition to disbursements.
The infant’s mother, five months after the accident, hired Richard Brocklebank, an attorney, to prosecute her daughter’s claim. Since the infant’s cause of action included a claim against the mother, attorney Brocklebank obtained an order appointing another lawyer as guardian ad litem of the infant and commenced an action by service of complaints. The divorced father, the petitioner herein, retained his present attorneys who obtained an order appointing the father as guardian ad litem and discharging the prior guardian. I find that attorney Richard Brocklebank rendered services for which he should be compensated and fix the reasonable value of his services at $550 plus $23.50 for disbursements and direct that the sum of $573.50 be deducted from the sum hereinbefore awarded to petitioner’s attorneys.