■ C.T. CHEMICALS (U.S.A.) INC., Respondent, v VINMAR IMPEX, INC., Appellant.—Order, Supreme Court, New York County (William J. Davis, J.), entered August 6, 1992, which denied that part of defendant's motion which sought to reargue the court's prior order entered on or about July 2, 1992 and also denied that part of defendant's motion pursuant to CPLR 5204, which sought to vacate the Sheriff's levy upon defendant's assets on deposit with Chase Manhattan Bank on the ground that the appeal bond served and filed by defendant on June 19, 1992 stayed all proceedings to execute on the underlying judgment, unanimously affirmed, with costs.

Pursuant to this Court's order of modification entered April 16, 1992, which granted plaintiff summary judgment in the amount of $710,000, plaintiff entered and docketed a judgment against defendant on May 29, 1992 in the amount of $711,303.31. Earlier, on April 21, 1992, defendant had moved for reargument of this Court's order and its interim application to stay entry of the judgment pending reargument was denied. On May 14, 1992, defendant moved in this Court for leave to appeal to the Court of Appeals from our order of April 16, 1992, but no bond was posted or stay sought. On June 15, 1992, the Sheriff levied upon the accounts maintained by defendant at Chase Manhattan Bank pursuant to the judgment and an execution filed by plaintiff's attorney on June 9, 1992. For some reason, which is unclear, Chase did not release the funds.

Thereafter, on June 19, 1992, defendant filed an appeal bond in the amount of the judgment plus interest and costs. At that point, all further proceedings to enforce the judgment were stayed pursuant to CPLR 5519 (a) (2). On June 23, 1992, defendant moved in Supreme Court to vacate restraining notices for more than $1 million previously served on the Chase and other bank accounts on June 9, 1992.

On June 25, 1992, this Court granted defendant's motion for reargument, recalled and vacated the order entered April 16, 1992 and substituted a new decision and order granting plaintiff summary judgment in the reduced amount of $510,000, representing the uncontested contract price for the goods actually sold and delivered, plus interest, and directing entry of judgment (184 AD2d 441). That part of defendant's motion which sought a stay of entry of judgment was denied as moot, as was its separate motion (M-2619) for leave to appeal to the Court of Appeals from our order of April 16, 1992. The next day, June 26, 1992, plaintiff entered and docketed a judgment against defendant in the amount of $720,885.31 plus interest and the Sheriff again levied upon the Chase accounts pursuant to an execution filed that same day by plaintiff's attorney. On July 2, 1992, the IAS Court vacated the restraining notices on all bank accounts other than those at Chase and limited the restraints and levy on the Chase accounts to $800,000. The same day Chase paid to the Sheriff $762,627.99, comprising, the amount of plaintiff's judgment plus interest, plus Sheriff's fees.

Thereafter, on July 6, 1992, defendant served an affirmation of intent to appeal to the Court of Appeals and on July 8, 1992, it moved to reargue the IAS Court's July 2nd decision and to vacate the restraining notice against Chase and the Sheriff's levy. On July 21, 1992, defendant filed a rider to its original bond increasing the amount $9,582 to a total of $720,885.31. A separate indemnity to cover the Sheriff's fees was filed on August 8, 1992.

By order entered August 6, 1992, the IAS Court denied reargument of its order of July 2nd and denied the remainder of defendant's motion, seeking to vacate the restraining notice served upon Chase and stay the Sheriff's levy upon the Chase accounts, as moot. In so ruling, the court found that the restraining notice at issue dissolved when Chase satisfied the Sheriff's levy on July 2, 1992 (CPLR 5209) and inasmuch as defendant did not serve its notice of intention to further appeal to the Court of Appeals until July 6, 1992, there was no stay in effect pursuant to CPLR 5519 at the time payment was made by Chase to the Sheriff. The court then directed the Sheriff to disburse to the plaintiff a sum sufficient to satisfy its judgment. This appeal followed and this Court granted defendant a stay, pending appeal, directing the Sheriff to continue to retain the sums paid by Chase. Thereafter, on October 27, 1992 [80 NY2d 760], subsequent to the argument of this

appeal, the Court of Appeals granted defendant leave to appeal from this Court's order entered June 25, 1992.

We agree with the IAS Court that at the time of the Sheriff's second levy upon defendant's accounts at Chase Manhattan on June 26, 1992 and Chase's payment of $762,627.99 to the Sheriff on July 2, 1992, there was no stay in effect pursuant to CPLR 5519 prohibiting such actions enforcing the second judgment against defendant entered June 26, 1992.

As noted above, a stay of further proceedings to enforce the original judgment was in effect pursuant to CPLR 5519 (a) (2) inasmuch as defendant had moved on May 14, 1992 for leave to appeal to the Court of Appeals from this Court's order of modification and thereafter posted an appeal bond on June 19, 1992. By its terms, that bond only undertook to pay the original judgment in the event defendant's appeal proved unsuccessful. Upon our denial of leave to appeal to the Court of Appeals, that stay would ordinarily continue in effect for five days after service of notice of entry of the order denying leave (CPLR 5519 [e]); however, our other order of June 25, 1992, granting reargument, vacated our previous order of April 16, 1992, which formed the sole basis for the May 29th judgment.

It is axiomatic that the reversal (i.e., vacatur) of an order invalidates a judgment entered pursuant to such order (Halpern v Amtorg Trading Corp., 292 NY 42, 48; see also, Siegel, NY Prac § 431 [2d ed]), and such reversal should be regarded as dating back to the time of the entry of the order or judgment (see, Stigwood Org. v Devon Co., 91 Misc 2d 723, 724; 10 Carmody-Wait 2d, NY Prac § 70:452). Contrary to defendant-appellant's contention, our order did not amend the existing judgment, but explicitly vacated our prior order and directed the clerk to enter a new judgment, which plaintiff accomplished the next day. Thus, in order to protect itself from a levy pursuant to the new judgment, it was incumbent upon defendant to either seek a discretionary stay pursuant to CPLR 5519 (c) or to post a new or modified undertaking if it wished to further avail itself of the provisions of CPLR 5519 (a) (2).

Harsh as it may seem, there is unfortunately for defendant nothing in the provisions of CPLR 5519 which would, without further action by defendant, effect a transfer of the stay covering the first judgment so as to automatically stay enforcement of the second judgment. Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.