■ DANIEL A. YALANGO, by the Committee of His Property, Appellant, et al., Plaintiff, v A. JOHN POPP et al., Defendants. O'CONNELL AND ARONOWITZ, P. C., Respondent. [648 NYS2d 763] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered November 17, 1995 in Albany County, which denied plaintiff Daniel A. Yalango's motion for an order of restitution.

Briefly, the underlying facts are that on June 5, 1992, Supreme Court granted the application by O'Connell and Aronowitz, P. C. (hereinafter the law firm) under Judiciary Law § 474-a (4) fixing its fee in this medical malpractice action in the sum of $629,105.81, one third of the net total recovery. We affirmed (199 AD2d 825); however, on December 8, 1994, the Court of Appeals reversed, reducing the law firm's fee to $338,731.74, the amount prescribed by Judiciary Law § 474-a (2) (84 NY2d 601). The law firm paid plaintiff the excess fee of $290,374.07 together with postjudgment interest, but refused plaintiff's demand that it pay prejudgment interest for the period between June 5, 1992 and December 8, 1994. Plaintiff then brought on an application for restitution (CPLR 5523). Supreme Court denied the application, finding that plaintiff's right to restitution did not arise until the rendition of the Court of Appeals' decision since, prior to that, the law firm was legally the owner of the excess fee. Plaintiff appeals.

We reverse. Supreme Court's rationale is misplaced since the law firm never held legal title to the excess fee inasmuch as the Court of Appeals' reversal vacated Supreme Court's order as of June 5, 1992 (see, C.T. Chems. v Vinmar Impex, 189 AD2d 727, 729; see also, 10 Carmody-Wait 2d, NY Prac § 70:452, at 492-493). Thus, having deprived plaintiff of the use of money that rightfully belonged to it, the law firm is obligated to pay plaintiff interest (see, Love v State of New York, 78 NY2d 540, 544; Prager v New Jersey Fid. & Plate Glass Ins. Co., 245 NY 1, 5-6). We reject the law firm's argument that plaintiff waived its right to interest by not demanding it in 1992 since, until the Court of Appeals' decision, there was no basis for it. We have considered the law firm's remaining contentions and find them unpersuasive.

Mercure, J. P., Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.