OPINION OF THE COURT
Peter G. Dounias, J.
Robert Hilgarth, parent of the infant plaintiff Tara Hilgarth, petitions this court for an order permitting withdrawal of $11,236.36 currently deposited in the Dime Savings Bank of *1021 New York pursuant to an infant’s compromise order dated March 18, 1982. Petitioner seeks transferal of these moneys to a tax deferred insurance annuity offered by the North Atlantic Life Insurance Company of America. It is submitted that if invested in this annuity, the moneys will earn interest at the rate of 9.5% as opposed to 6.53% it currently earns in the Dime Savings account.
While the court can empathize with petitioner’s desire to invest his daughter’s property at the optimum rate of return, the CPLR lists with particularity those devices which may be employed for investment of these proceeds. Tax deferred annuities do not appear among them. CPLR 1206 (c) provides that the court may order that the moneys be invested in one or more insured banks or trust companies or insured savings and loan associations. The court may elect that the money be deposited in high yield accounts such as an insured savings certificate or insured money market account, or in insured or guaranteed United States Treasury or municipal bills, notes or bonds. Insurance in this context means coverage by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation (Matter of Livigni v Robinson, 128 Misc 2d 345 [Sup Ct, NY County 1985]; see also, Advisory Comm Notes, NY Cons Laws Serv, Book 4B, CPLR 1206, p 654). In addition, the court may order the moneys’ investment pursuant to CPLR 1210, governing the management of an infant’s inheritance.
The Legislature’s purpose in specifying these investment modes is to guard the proceeds of an infant’s claim against the risk of depletion. So paramount was this concern that that portion of a tentative draft of CPLR 1206 (c), which permitted the court to order the property held for the use and benefit of the infant "in any other manner it deem[ed] proper” (see, 1958 Report of Temporary Commn on the Cts, Second Preliminary Report of Advisory Comm on Prac and Procedure, 1958 NY Legis Doc No. 13, at 379-380), was eliminated by the Legislature "to prevent undue latitude in the court” (Sixth Report to Legis by Sen Fin Comm Relative to Revision of Civ Prac Act, 1962 NY Legis Doc No. 8, at 180-181). Rate of return on the investment of the moneys must be deemed secondary to preserving the principal sum until the infant attains majority.
Turning to the facts at bar, annuities of the type in which petitioner seeks to invest have been characterized by experts as risky investment vehicles and are deemed "only as sound as the company that issues the policy” (see, Klott, Using Care *1022 in Buying Annuities, New York Times, Apr. 23, 1984, at Dl, col 4). Petitioners’ papers do not indicate that either the North Atlantic Life Insurance Company or the policy is Federally insured, nor does this seem likely. Crucially, the statute does not grant the court discretion to allow the property’s investment in the manner sought by petitioner (see, Matter of Livigni v Robinson, 128 Misc 2d 345, supra; Schwartz v Kutsher, 176 Misc 815 [Sup Ct, Bronx County 1941]).
Therefore, the petition must be denied.