*305 OPINION OF THE COURT
Daniel F. Luciano, J.
Ordered that this application for withdrawal of funds from the infant plaintiff’s, Peter Donato’s, bank accounts is denied without prejudice to submission of a new proposed order providing for withdrawal of the approved withdrawals herein. It is also without prejudice to a renewed application for withdrawal and reinvestment of funds in a manner consistent with the provisions of CPLR 1206 (c).
On June 29, 1988 this court signed an order approving a compromise of the above-captioned action on behalf of the infant plaintiff, Peter Donato. By that order the court directed that the portion of the settlement proceeds to be received on behalf of the said infant, Peter Donato, a sum of $600,000, was to be deposited in $50,000 portions in 12 named banks.
An application is now before the court which, inter alla, seeks an order directing that the plaintiff, Timothy Donato, "establish a managed account for peter donato at integrated resources equity corporation which shall serve as a depository for the funds of peter donato presently held in savings banks as a result of the instant medical malpractice action”.
The proposed order contains the following decretal paragraphs:
"ordered, that integrated resources equity corporation shall invest the sums held in peter donato’s managed account in some or all of the municipal bonds or the mutual fund, unit trusts or money market funds listed on Exhibit 'B’ annexed hereto, (the 'proposed portfolio’) except that if any of such securities or funds are unavailable or have reached a price which integrated resources equity corporation believes is too high, different securites [sic] or funds of the same character and bearing at least the same rating by Moody’s or Standard & Poor’s Rating Services may be substituted therefore by INTEGRATED RESOURCES EQUITY CORPORATION, and it ÍS further
"ordered, that integrated resources equity corporation shall reinvest the proceeds of the securities held in the managed account for peter donato in municipal bonds or the mutual fund, unit trusts or money market funds listed on the proposed portfolio or in other New York State municipal bonds or mutual funds, unit trusts or money market funds of *306 the same character and investment quality as rated by Moody’s or Standard Poor’s Rating Service and it is further
"ordered, that should the rating by either Moody’s or Standard & Poor’s Rating Service of any asset held in peter donato’s managed account drop below investment grade as that term is defined by Moody’s and Standard & Poor’s Rating Service, integrated resources equity corporation shall be obligated to sell said asset immediately at the best price possible and reinvest the proceeds in peter donato’s account in the manner aforesaid”.
The court is constrained to conclude that it cannot grant this proposed order.
With regard to the disposition of proceeds received from the proceeds of a claim of an infant CPLR 1206 (c) provides, in part: "The court may further elect to invest the money in one or more insured or guaranteed United States treasury or municipal bills, notes or bonds.”
The "proposed portfolio”, submitted in support of this application, which has been prepared by the proposed portfolio manager, Integrated Resources Equity Corporation, identifies 10 municipal bonds recommended "as being suitable for investment as they are all of investment grade quality.” It is further stated: "No issue mentioned below is rated below Baa/ bbb: Many issues carry insurance. ” (Emphasis added.)
Thus, the proposed order may not be signed since to do so would constitute a direction, contrary to CPLR 1206 (c), that the subject proceeds could be invested in municipal bonds which are not insured.
In addition, it appears to the court that CPLR 1206 (c) permits the investment of the subject proceeds in individual municipal bills, notes or bonds. Such a construction is consistent with the notion that the court should approve the investment only upon a demonstration of the particular bills’, notes’ or bonds’ conformity with the requirements of CPLR 1206 (c). While the court does not presume to be more skilled or expert than a professional portfolio manager with regard to the determination of the most financially lucrative investment portfolio, it remains the court’s responsibility to insure that the infant’s settlement proceeds are protected and that any proposed investments are authorized under CPLR 1206 (c).
Thus, it is the burden of the applicant to demonstrate to the *307 court that any proposed investment is sound, sufficiently profitable and in conformity with the statute.
In this instance all that is put before the court is a selection of proposed municipal bonds (some of which, as noted above, are not insured) without an indication which particular bonds are to be purchased and in what quantity.
In addition, since the court construes CPLR 1206 (c) as requiring a demonstration of the propriety of the particular bills, notes and bonds in which investment is proposed the court finds no authority for investment in, for example, mutual funds, which have no fixed or guaranteed value and which may include investments in bills, notes or bonds not otherwise authorized under CPLR 1206 (c).
Moreover, this proposed order effectively provides for a transfer of this court’s supervision and discretion to the portfolio manager which again the court finds unauthorized pursuant to CPLR 1206 (c).
With respect to the portion of this application which seeks permission for an alternative investment of the proceeds of the compromise of this action on behalf of the infant, Peter Donato, therefore, the application is denied without prejudice to a further application for an order consistent with CPLR 1206 (c).
With respect to the other requests for withdrawal of funds the court approves the requested relief with two exceptions: The request for withdrawal of the sum of $861.91 to reimburse the plaintiff, Timothy Donato, for the purchase of computer equipment and software for the infant, Peter Donato, is denied. There has been no demonstration that the need for these items is related to the personal injuries suffered by the infant, Peter Donato, and, therefore, it appears that this expense is merely a normal expense incident to the upbringing and education of a child.
In addition, the court has reduced the withdrawal for the requested attorney’s fee from $2,450 to $1,225.
The petitioners, Peter Donato, an. infant by his father and natural guardian, Tim Donato, and Tim Donato, may submit a new proposed order providing for the approved withdrawal of funds. Such order should separately list each item approved for withdrawal and specifically state the amount approved for each expense.